IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

        Plaintiff,

        v.

CHRISTOPHER GLASPER,

        Defendant.

ORDER

13-cr-137-wmc-1

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

A hearing on the probation office's petition for a judicial review of Christopher Glasper's supervised release was held on November 20, 2019, before U.S. District Judge William M. Conley. Assistant U.S. Attorney Tim O'Shea appeared for the government. Defendant was present in person and by defense counsel Jeffrey Nichols. U.S. Probation Officer Nicole Schultz was also present.

## FACTS

From the record, I make the following findings of fact. Following his conviction for felon in possession of ammunition in violation of 18 U.S.C. 922(g)(1), a Class C felony, after pointing a gun at another person at a bus stop for purposes of intimidation, the Honorable Lynn S. Adelman sentenced the defendant to 70 months in prison on April 15, 2014, to run concurrently with any sentence imposed in Dane County Case No. 13-CF-1669, with a three-year term of supervised release to follow. The defendant's term of supervised release commenced on November 30, 2018.

The defendant violated the mandatory condition prohibiting him from committing another federal, state, or local crime. Specifically, on July 23, 2019, the defendant was arrested by members of the Madison, Wisconsin, Police Department for domestic disorderly conduct and domestic criminal damage to property in Dane County Court Case No. 19-CM-1794. The defendant is expected to plead

guilty to those offenses at a hearing scheduled in state court on December 9, 2019, at 2:45 p.m. On November 5, 2019, the defendant was also cited by the Madison Police Department for possession of cannabis, approximately 20 grams, after he consented to a search of his vehicle. This behavior would also violate the mandatory condition prohibiting him from possessing a controlled substance.

In addition, the defendant violated the special condition requiring that he abstain from the use of illegal drugs, refrain from the use of alcohol and from associating with drug users and sellers, as well as participate in substance abuse treatment. The defendant was also required to submit to drug testing beginning within 15 days of his release, with 60 drug tests annually to follow. On October 15, 2019, the defendant provided a urine sample which tested positive for amphetamines and marijuana. The results of that test was also confirmed positive by a national testing laboratory. Since December 2018, the defendant also failed to appear for random drug testing on 22 occasions. In addition, on November 13, 2019, the defendant failed to report to Attic Correctional Services, Inc. for a drug test as specifically instructed by his probation officer. This failure also violated Standard Condition No. 3 requiring that the defendant follow the instructions of the probation officer. On September 5 and October 1, 2019, the defendant also violated Standard Condition No. 3 by failing to appear for a scheduled appointment with the probation officer.

The defendant next violated Standard Condition No. 5 requiring that he work regularly at a lawful occupation. Despite unusually good opportunity for employment in the greater Madison area, the defendant has not been gainfully employed since July 2, 2019.

Finally, the defendant violated Standard Condition No. 11 requiring that he notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer. Specifically, on October 8, 2019, the defendant had police contact yet failed to notify his probation officer.

According to 18 U.S.C. § 3583(g)(1) and (3), revocation is mandatory if a defendant with a prior drug conviction possessed a controlled substance while on supervised release and refused to comply with

drug testing. As set forth above, the defendant possessed controlled substances when he used marijuana and amphetamines, resulting in his positive toxicology screen on October 15, 2019; he also failed to comply with drug testing; and he was cited for possession of cannabis.

The defendant's criminal history score falls within Criminal History Category VI. When coupled with a Grade B violation, his advisory guideline range is 21 to 27 months. While the defendant's Grade B violations, including possession of cannabis and amphetamines, trigger mandatory revocation, the defendant reports that he is willing to comply with his conditions of supervised release and work with the probation office, leaving at least the possibility of a discretionary finding under 18 U.S.C. § 3583(d).

## CONCLUSIONS

After reviewing the written submissions of the probation office and considering the arguments of the parties, including defendant's statements, I find that revocation is warranted. However, an alternative is available to the defendant to provide him with an opportunity to regain compliance with his conditions of supervision. Accordingly, the court will stay this proceeding and allow the defendant to participate in a location monitoring program, including GPS for a period of 90 days and home detention.

## ORDER

IT IS ORDERED that the period of supervised release is CONTINUED. The judicial review hearing will be held in abeyance until such time as the defendant completes a location monitoring, including GPS program for a period of 90 days and home detention. If at any time during the 90-day period, the supervising U.S. Probation Officer believes that the defendant is not substantially complying with the conditions of his supervised release, the court is to be notified and an expedited hearing will be set to revisit the mandatory revocation provisions of 18 U.S.C. § 3583(g)(1) and (3). Consistent with

3

the petition for review and this court's rulings today, the following mandatory, standard, and special conditions of supervision are imposed.

**Mandatory Conditions - 18 U.S.C. § 3563(a) and 18 U.S.C. § 3583(d)**

- Defendant shall not commit another federal, state, or local crime. [Note: Any defendant that has been convicted of a felony offense, or is a prohibited person, shall not possess a firearm, ammunition, or destructive device pursuant to 18 U.S.C. §§ 921 and 922.]

- Defendant shall not illegally possess a controlled substance. The defendant is subject to drug testing according to 18 U.S.C. §§ 3563(a)(5) and 3583(d).

- Defendant shall cooperate with the collection of DNA by the U.S. Justice Department and/or the U.S. Probation and Pretrial Services Office as required by Public Law 108-405.

| | STANDARD CONDITIONS OF SUPERVISION | JUSTIFICATION |
|---|---|---|
| 1) | **Defendant shall not knowingly leave the judicial district in which defendant is being supervised without the permission of the Court or probation officer.** | To provide community protection, rehabilitation for defendant, and to enable the supervising probation officer's statutory duty to keep informed of defendant's location, conduct, condition, and compliance. <br> 18 U.S.C. § 3553(a)(1), (a)(2)(B) and (C); <br> 18 U.S.C. § 3563(b)(14); <br> 18 U.S.C. § 3603(2) and (7); <br> USSG §5B1.3(b)(1)(A), (C), (D) and (b)(2); <br> USSG §5D1.3(b)(1)(A), (B), (C) and (b)(2). |
| 2) | **Defendant is to report to the probation office as directed by the Court or probation officer and shall submit a complete written report within the first five days of each month, answer inquiries by the probation officer, and follow the officer's instructions. The monthly report and the answer to inquiries shall be truthful in all respects unless a fully truthful statement would tend to incriminate defendant, in violation of defendant's constitutional rights, in which case defendant has the right to remain silent.** | To provide community protection, rehabilitation for defendant, to ensure officer and defendant safety, and to enable the supervising probation officer's statutory duty to keep informed of defendant's location, conduct, condition, and compliance. <br> 18 U.S.C. § 3553(a)(1), (a)(2)(B), (C) and (D); <br> 18 U.S.C. § 3563(b)(15) and (17); <br> 18 U.S.C. § 3603(2), (3), (4) and (7); <br> USSG §5B1.3(b)(1)(B)(C), (D), (E) and (b)(2); <br> USSG §5D1.3(b)(1)(B), (C), (D) and (b)(2). |
| 3) | **Defendant shall maintain lawful employment, seek lawful employment, or enroll and participate in a course of study or vocational training that will equip defendant** | Evidence based practice research indicates that lawful, stable employment and education are pro-social activities that reinforce the rehabilitation of defendant. Employment and |

4

| | | |
|---|---|---|
| | for suitable employment, unless excused by the probation officer or the Court. | education have been identified as risk factors for recidivism.<br>18 U.S.C. § 3553(a)(2)(B), (C) and (D);<br>18 U.S.C. § 3563(b)(4) and (5);<br>18 U.S.C. § 3603(2), (3), (4) and (7);<br>USSG §5B1.3(b)(1)(C), (D) and (E);<br>USSG §5D1.3(b)(1)(B), (C) and (D). |
| 4) | Defendant shall notify the probation officer within seventy-two hours of any change in residence, employer, or any change in job classification. | To provide community protection, rehabilitation for defendant, to ensure officer and defendant safety, and to enable the supervising probation officer's statutory duty to keep informed of defendant's location, conduct, condition, and compliance.<br>18 U.S.C. § 3553(a)(2)(C);<br>18 U.S.C. § 3563(b)(13), (15), (16) and (19);<br>18 U.S.C. § 3603(2), (3), (4) and (7);<br>USSG §5B1.3(b)(1)(D) and (b)(2);<br>USSG §5D1.3(b)(1)(C). |
| 5) | Defendant shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician. Defendant shall not use any product containing cannabidiol (CBD) or tetrahydrocannabinol (THC), except as prescribed by a physician. | Evidence based practice research indicates the use of illicit chemicals is a risk factor for recidivism. This condition is recommended to assist with defendant's rehabilitation, officer and defendant safety, and to protect the public.<br>18 U.S.C. § 3553(a)(1), (a)(2)(A), (B) and (C);<br>18 U.S.C. § 3563(b)(7);<br>18 U.S.C. § 3603(3);<br>USSG §5B1.3(b)(1)(A), (B), (C) and (D);<br>USSG §5D1.3(b)(1)(A), (B) and (C). |
| 6) | Defendant shall not visit places where defendant knows or has reason to believe controlled substances are illegally sold, used, distributed, or administered. | Evidence based practice research indicates that frequenting places where illicit chemicals are sold, used, distributed or administered increases the risk that defendant will purchase, use or possess illicit chemicals. Individuals involved in the distribution of illicit chemicals present a risk of peer association as identified in the research. This condition supports rehabilitation of defendant and promotes public safety.<br>18 U.S.C. § 3553(a)(1), (a)(2)(B) and (C);<br>18 U.S.C. § 3563(b)(6);<br>18 U.S.C. § 3603(3);<br>USSG §5B1.3(b)(1)(A), (B), (C), (D) and (b)(2);<br>USSG §5D1.3(b)(1)(A), (B) and (C). |
| 7) | Defendant shall not meet, communicate, or spend time with any persons defendant | Evidence based practice research indicates that association with peers involved in criminal |

|  |  |  |
|---|---|---|
|  | knows to be engaged in criminal activity or planning to engage in criminal activity. | activity increases the risk of recidivism. This condition promotes and encourages pro-social relationships that are conducive to a law-abiding lifestyle.<br>18 U.S.C. § 3553(a)(1), (a)(2)(A), (B) and (C);<br>18 U.S.C. § 3563(b)(6); 18 U.S.C. § 3603(3);<br>USSG §5B1.3(b)(1)(B), (C) and (D);<br>USSG §5D1.3(b)(1)(B) and (C). |
| 8) | Defendant shall permit a probation officer to visit defendant at home, work, or some other mutually convenient location designated by the probation officer at a reasonable time and shall permit confiscation of any contraband observed in plain view by the probation officer. | Community contacts ensure compliance with court-ordered conditions and assist defendant in maintaining a law-abiding lifestyle.<br>18 U.S.C. § 3553(a)(1), (a)(2)(A), (B), and (C);<br>18 U.S.C. § 3563(b)(13), (15), (16) and (17);<br>18 U.S.C. § 3603(2), (3), (4) and (7);<br>USSG§ 5B1.3(b)(1)(A), (B), (C), (D) and (b)(2);<br>USSG §5D1.3(b)(1)(A), (B), (C) and (b)(2). |
| 9) | Defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer. | To provide for community safety and rehabilitation of defendant.<br>18 U.S.C. § 3553(a)(1), (a)(2)(A), (B) and (C);<br>18 U.S.C. § 3563(b)(18);<br>18 U.S.C. § 3603(2), (3), (4) and (7);<br>USSG § 5B1.3 (b)(1)(A), (B), (C) and (D);<br>USSG § 5D1.3 (b)(1)(A), (B) and (C). |
| 10) | Defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the Court. | Evidence based practice research indicates contact with criminals and potential involvement in facilitating other crimes sanctioned by law enforcement officers directly contradicts the condition of no new offenses and criminal associations, which are risk factors for recidivism. Therefore, strict monitoring by the Court/probation office is necessary for the safety of the community, defendant, and the supervising probation officer.<br>18 U.S.C. § 3553(a)(1), (a)(2)(A), (B) and (C);<br>18 U.S.C. § 3563(b)(5), (6), (15), (17) and (18);<br>18 U.S.C. § 3603(2), (3), (4) and (7);<br>USSG §5B1.3(b)(1)(A), (B), (C) and (D);<br>USSG §5D1.3(b)(1)(A), (B) and (C). |
| 11) | Defendant shall not possess a firearm, ammunition, destructive device, or dangerous weapon. | To comply with statutory provisions. To provide for community safety, as well as the safety of the supervising U.S. probation officer.<br>18 U.S.C. §§ 921 and 922; 18 U.S.C. § 5363(b)(10); USSG § 5D1.3(c)(10); and *U.S. v. Armour*, 804 F.3d 859, 869 (7th Cir. 2015). |

The standard conditions of supervision, as set forth in 18 U.S.C. §§ 3563(b) and 3583(d), have been established by policy of the Judicial Conference, as informed by U.S. Sentencing Commission policy statements in §§5B1.3 and 5D1.3. The District Court for the Western District of Wisconsin has adopted some modifications as a result of Seventh Circuit case law. These standard conditions, adopted from 18 U.S.C. §§ 3563(b) and 3583(d) and numbered above, identify the basic requirements, expectations, and limitations for defendants and address corresponding risk-related or recidivism-related factors. The standard conditions provide probation officers with the means to monitor the conduct of defendants who are under court-ordered supervision by matching supervision and programming to factors correlated with risk.

The following special conditions are also imposed as further justified:

| SPECIAL CONDITIONS OF SUPERVISION | JUSTIFICATION |
|---|---|
| 1) **Participate in a substance abuse evaluation and recommended treatment. If defendant is eligible for funding from any source to cover the cost of treatment, defendant is to make reasonable efforts to obtain such funding. Participation in treatment does not require payment by defendant unless it is clear defendant can afford it. Defendant shall submit to drug testing beginning within 15 days of defendant's release and 60 drug tests annually thereafter. The probation office may utilize the Administrative Office of the U.S. Courts' phased collection process.** | Based on the defendant's positive urinalysis tests, his self-reported substance abuse history, and admission to using controlled substances while on supervised release. |
| 2) **Submit person, property, residence, papers, vehicle, or office to a search conducted by a U.S. Probation Officer at a reasonable time and manner, whenever the probation officer has reasonable suspicion of contraband or of the violation of a condition of release relating to substance abuse or illegal activities; failure to submit to a search may be a ground for revocation; defendant shall warn any other residents that the premises defendant is occupying may be subject to searches pursuant to this condition.** | Based on the nature of the offense of conviction; the need to protect the public from further criminal activity perpetrated by defendant, as suggested by his criminal history; and the need to ensure the safety of the supervising U.S. Probation Officer. |

| | | |
|---|---|---|
| 3) | Participate in mental health referral, assessment and treatment as approved by the supervising U.S. probation officer and comply with all rules, regulations and recommendations of the mental health agency or its representative to the extent approved by the supervising U.S. Probation Officer. If defendant is eligible for funding from any source to cover the cost of treatment, defendant is to make reasonable efforts to obtain such funding. Participation in treatment does not require payment by defendant unless it is clear defendant can afford it. Defendant shall take any medications prescribed by a licensed medical provider. | Based on defendant's history of violence and mental health needs. |
| 4) | Defendant shall provide the supervising U.S. probation officer any and all requested financial information, including copies of state and federal tax returns. | Based on defendant's limited employment history and the need to monitor his ability to support himself through legitimate means. |
| 5) | Within 24 hours of this order, the defendant shall participate for a period of 90 days in a location monitoring program that includes active GPS monitoring. Defendant shall abide by the technology requirements implemented at the direction of the supervising U.S. Probation Officer. Defendant shall not be responsible for the cost of location monitoring. During this period, defendant shall remain at defendant's residence (home detention) unless being given permission to leave his residence by the U. S. probation officer for employment and education purposes; religious services; medical, mental health, and substance abuse treatment; attorney visits; court appearances; and other activities are to be pre-approved by the supervising U.S. Probation Officer. | Based on the defendant's limited contact with the probation officer and defendant's failure to report to the probation officer as directed. |

Entered this 20th day of November, 2019.

BY THE COURT:

WILLIAM M. CONLEY
District Judge